IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

TAVARUS MARQUEZ MARTIN                                                    PLAINTIFF

v.                                   Civil No. 4:17-cv-4117

OFFICER CALLWELL, Miller
County Detention Center                                                   DEFENDANTS

**ORDER**

Before the Court is Plaintiff Tavarus Marquez Martin's failure to obey a Court order. On December 18, 2017, Plaintiff filed this 42 U.S.C. § 1983 action *pro se*. (ECF No. 1). The same day, the Court entered an order granting Plaintiff's application to proceed *in forma pauperis*. (ECF No. 6). Plaintiff was advised in the order that failure to inform the Court of a change of address would subject this case to dismissal. The order was not returned as undeliverable. On January 25, 2018, mail sent to Plaintiff at his address of record was returned to the Court as undeliverable with no new address available. (ECF No. 13). On February 12, 2018, mail sent to Plaintiff was again returned as undeliverable. Plaintiff's last communication with the Court was on December 18, 2017, when he filed his Complaint.

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. A party appearing for himself/herself shall sign his/her pleadings. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party

1

proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Additionally, the Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the grounds that the plaintiff failed to prosecute or failed to comply with orders of the court. Fed. R. Civ. P. 41(b); *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added).

In the present case, Plaintiff has failed to keep the Court informed of his address. Therefore, pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2), the Court finds that this case should be dismissed. Accordingly, Plaintiff's Complaint (ECF No. 1) is hereby **DISMISSED WITHOUT PREJUDICE.**

**IT IS SO ORDERED,** this 8th day of March, 2018.

/s/ Susan O. Hickey
Susan O. Hickey
United States District Judge